On Petition for Rehearing
PER CURIAM.
Appellant Hamilton seeks reversal of a final decree of the Chancellor denying her petition for the adoption of Martha Jo Kutz-leb and restoring custody of the minor to her natural mother, the appellee Rose.
On our original consideration of the cause the. decree of the Chancellor was affirmed without opinion. Petition for rehearing was granted and the cause re-argued. Upon further consideration of the matter it is the opinion of the majority of the Court that the final decree dismissing the petition and denying the adoption should he reversed.
The record reveals that the minor, Martha Jo Kutzleb, was delivered into the custody of the appellant, her aunt, by the ap-pellee, her mother, when the minor was nineteen months old. The natural father of the child offers no opposition to the adoption. The child remained in the custody of the appellant-aunt from September 1948 until the filing of this proceeding. The mother never visited the minor until the summer of 1954, a period of approximately six years. The record further shows that the appellant-aunt had adequately provided for the child and in the view of the majority, the mother for all practical purposes had abandoned her.
At the time of the hearing in the adoption proceeding brought by the aunt, the minor who was then eight years of age expressed a desire to remain with her aunt. It was the recommendation of the State Welfare Board that it would be to the best interests of the child to authorize the adoption by the aunt. The majority of the Court are of the view that in the ultimate this case should be governed by the rule announced in Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208, where it was concluded that the rights of the parent would have to yield to the rights and interests of others in view of the requirement that the welfare and best interests of the minor should at all times be controlling.
Chief Justice TERRELL and Justices THOMAS, HOBSON, ROBERTS and DREW are of the opinion that the decree of the Chancellor should be reversed.
Justices THORNAL and O’CONNELL are of the view that the evidence was adequate to support the .conclusion of the Chancellor denying the adoption and that his decree should not be disturbed.
On rehearing therefore the final decree is reversed and we recede from the original judgment of affirmance filed July 17)-1957.
Reversed.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.